J-S63007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL KOZAK, | |
| Appellant | No. 1357 MDA 2013 |

Appeal from the PCRA Order June 5, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002559-2006, CP-40-CR-0003063-2006, CP-40-CR-0003064-2006

BEFORE:  BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 15, 2014**

Michael Kozak appeals from the June 5, 2013 order denying his petition for PCRA relief.  We affirm.

This appeal concerns three consolidated criminal actions instituted against Appellant in connection with drug trafficking activities.  Specifically, on two separate occasions, Appellant sold crack cocaine to Daniel Pinkowsky, who was working as an informant for the Plains Township Police Department. The third criminal complaint arose from an aborted drug sale that transpired after the completed ones.  Prior to the pertinent events, Pinkowsky was engaged in criminal activities, and he discovered that he had emphysema. After his disease progressed, Pinkowsky, of his own volition, decided to start

---

[*]  Retired Senior Judge assigned to the Superior Court.

helping police. The activities that resulted in the three sets of charges were conducted under the supervision of Chief of Police James O'Malley.

On May 18, 2006, and May 25, 2006, Pinkowsky successfully purchased crack cocaine from Appellant. On May 26, 2006, Pinkowsky arranged to buy another quantity of crack cocaine from Appellant at a Dairy Queen parking lot. Chief O'Malley contacted agents from the Attorney General's office to meet him at the designated location. When Appellant arrived in his vehicle, he observed Pinkowsky speaking with the law enforcement officers, and Appellant sped away. In the process, Appellant ran over an embankment and nearly struck another vehicle. Appellant was pursued and eventually stopped by police. Crack cocaine was discovered on the floor of Appellant's vehicle.

Based upon these three incidents, Appellant was charged with two counts each of possession of a controlled substance, possession of a controlled substance with intent to deliver ("PWID"), and delivery of a controlled substance, and one count of fleeing or attempting to elude police. On May 7, 2007, a jury convicted Appellant of two counts of PWID, but deadlocked on the remaining charges. Appellant sought dismissal of the pending five charges on double jeopardy grounds. The court denied his request for relief, and we affirmed that denial. **Commonwealth v. Kozak**, 959 A.2d 967 (Pa.Super. 2008) (unpublished memorandum). On October 15, 2008, a second jury convicted Appellant of the five remaining crimes. At both trials, Appellant claimed that he was entrapped and that his

decision to sell crack cocaine was solely the result of Pinkowsky's inducement and pleas that he needed that substance to alleviate his health problems. Both juries rejected that defense.

On December, 11, 2008, Appellant was sentenced to three to seven years imprisonment. On appeal, we affirmed. **Commonwealth v. Kozak**, 987 A.2d 817 (Pa.Super. 2009), *appeal denied*, 5 A.3d 819 (Pa. 2010) (unpublished memorandum). Appellant maintained that the charges should be dismissed since his criminal activities were solely induced by outrageous conduct by a governmental agent, Pinkowsky. Based upon Pinkowsky's testimony, which established that Pinkowsky merely asked to purchase crack cocaine and that Appellant readily acceded to that request, we rejected Appellant's position.

Appellant filed a timely PCRA petition, counsel was appointed, and a hearing was conducted. This appeal followed the denial of relief. Appellant raises one contention: "Whether the PCRA Court erred in denying Defendant's ineffective assistance of counsel claim for trial counsel's failure to investigate a witness and subsequently call some at trial, whose purported testimony bolstered Defendant's claim of entrapment?" Appellant's brief at 4.

Initially, we set forth our standard and scope of review in the PCRA context.

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error.

- 3 -

> Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa.Super. 2014) (citations and quotation marks omitted).

Herein, Appellant faults counsel with failing to uncover the identity of a witness and presenting that witness at trial. The witness's testimony purportedly related to the May 26, 2006 incidents. At the PCRA hearing, Appellant claimed that he told his lawyer to try to locate an African-American male. Appellant said that he had purchased cocaine from this male before the date of his arrest, that this individual accompanied him when he went to the Dairy Queen parking lot on May 26th, that the unnamed man was in possession of the crack cocaine discovered in Appellant's vehicle, that Appellant refused to take the drugs from him, and that the male then threw the drugs in Appellant's car and left before police arrived. Appellant maintained to the PCRA court that this mystery man was working with police, that he saw him in the company of police after his arrest, and that presentation of this witness would have supported his entrapment defense. Despite the fact that Appellant had purportedly purchased drugs from this man prior to May 2006 and that Appellant supposedly was with him on May 26, 2006, Appellant was unable and remains unable to supply the name of this person or any information other than his race and gender.

The test for establishing that trial counsel was ineffective in Pennsylvania is based upon **Strickland v. Washington**, 466 U.S. 668 (1984) and **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Spotz**, 84 A.3d 294, 303 n.3 (Pa. 2014). Specifically: "To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner." **Id**. Additionally, where a defendant raises an ineffectiveness claim based upon counsel's failure to investigate and call a potential witness, the defendant satisfies the performance and prejudice aspects of the **Strickland** test when he establishes:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009).

In the present case, Appellant does not even provide a name for this witness and, concomitantly, fails to prove that the witness existed and was willing to testify for him. Additionally, Appellant provided counsel with no viable means to ascertain the witness's identity. While Appellant vaguely mentions the availability of surveillance tapes of the Dairy Queen parking lot, we note that, according to Appellant, the following occurred. He was in his vehicle with this man when he arrived at Dairy Queen. However,

Appellant abruptly left the parking lot immediately upon his arrival, and no one exited Appellant's vehicle at the Dairy Queen parking lot. Thus, it is highly unlikely that the face of this person, who was located inside a vehicle, would have been captured by a surveillance tape. Counsel cannot be faulted for failing to find an unnamed African-American male. It is also unlikely that this man would have admitted that he possessed the cocaine found on May 26, 2006. Hence, the PCRA court committed no abuse of discretion herein when it concluded that Appellant failed to prove his allegation of ineffectiveness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2014